UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMEIL GASKINS, | ) | CASE NO. 4:12 CV0554 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

*Pro se* Petitioner Jameil Gaskins filed the above-captioned petition for writ of habeas corpus pursuant 28 U.S.C. §2241. (ECF No. 1). Gaskins, who is incarcerated in the Federal Correctional Institute at Elkton in Lisbon, Ohio (F.C.I. Elkton), names the United States of America and F.C.I. Elkton Warden Robert Farley as Respondents. He seeks the dismissal of his conviction for carrying and using a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2. For the reasons set forth below, this action is dismissed.

*Background*

Gaskins was charged in a superseding indictment with one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (Count One), armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(d) and 2 (Count Two), and carrying and using a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count Three). *See United States v. Purdy, et al.*, No.2:07-cr-00489 (E.D. Pa filed Aug. 16,

2007).   During a December 7, 2007 arraignment before Magistrate Judge David Strawbridge Gaskins pleaded not guilty to all the charges.  *Id*. (Doc. No. 29).  The case was scheduled for a trial date of April 27, 2009. *Id*. (Doc. No. 68).

Gaskins withdrew his original plea and entered into a Plea Agreement with the United States on April 27, 2009.  *Id.* (Doc. No. 90).  He agreed to plead guilty to all three counts of the indictment.  Judge Anita Brody sentenced Gaskins on May 26, 2010 to serve a total term of 121 months in prison. *Id*. (Doc. No.  140).  The term included a sentence of 84 months on Count 3, to run consecutively to two concurrent sentences of 37 months for Counts 1 and 2.  *Id.*

The criminal docket reveals that, on July 28, 2011, Gaskins sought leave to file an untimely Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. *Id*. (Doc. No.  165).  Judge Brody denied Gaskins's request for leave, as well as his subsequent Motion for Reconsideration. *Id*. (Doc. No. 174).  Gaskins then filed a Notice of Appeal to the Third Circuit.  The appeals court denied his request for a Certificate of Appealability, finding he was properly time-barred from filing a motion to vacate pursuant to 28 U.S.C. § 2255.

*Discussion*

There are scant details set forth in the Petition. Gaskins simply argues he never violated 18 U.S.C. § 924(c).  He asserts "18 [U.S.C. ]§ 924 is a penalty provision of 18 [U.S.C.] § 922."  (Pet. at 3).  Further, he claims that neither he nor his co-defendants had a criminal history, making it impossible for him to violate § 924 without being guilty of violating 18 U.S.C. §922. Also, for reasons on which he does not elaborate, Gaskins claims he should have received a five level sentence enhancement under United States Sentencing Guidelines (U.S.S.G.) § 2B3.1(b)(2).

In his prayer for relief, Gaskins asks the Court to dismiss his conviction under Count

3 and resentence him with a five level enhancement pursuant to U.S.S.G. § 2B3.1(b)(2). Finally, he request a reduction of his supervised release term from five to three years.

*Initial Review*

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Gaskins has not met his burden.

*28 U.S.C. § 2241*

Claims asserted by federal prisoners seeking to challenge their convictions or the imposition of their sentences must be filed in the sentencing court under 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). Clearly, Gaskins is challenging his sentence, but his Petition is neither filed pursuant to §2255 nor is it in the court that sentenced him.

Instead, Gaskins has filed this Petition pursuant to 28 U.S.C. § 2241 in an attempt to utilize a safety valve provision under section 2255. The provision allows prisoners to challenge their conviction and sentence pursuant to §2241 if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). The remedy afforded under § 2241 is not, however, an additional, alternative or supplemental remedy to that prescribed under §

2255. *See Bradshaw*, 86 F.3d at 166.

The statute mandates that these petitions must be filed in the court having jurisdiction over the prisoner's custodian. *See* 28 U.S.C. § 2241; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). As warden of F.C.I. Elkton, where Gaskins is confined, respondent Farley is Petitioner's custodian. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained) Thus, Petitioner has properly filed his habeas petition in this Court. He has not, however, established that he is entitled to habeas relief.

*Section 2255 "Inadequate or Ineffective"*

To assert a federal prisoner's remedy is inadequate or ineffective requires more than a complaint that the prisoner is now foreclosed from seeking relief under §2255. *See United States v. Barrett*, 178 F.3d 34, 53 (1st Cir.1999), *cert. denied*, 528 U.S. 1176(2000) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.") Without question, section 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115

-4-

F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

Gaskins previously filed a motion to vacate in the trial court pursuant to § 2255, which was dismissed as time-barred. Acknowledging this is an insufficient basis upon which to seek relief through §2255's safety valve, Gaskins maintains he is "actually innocent." Although the Sixth Circuit has not determined the exact scope of the savings clause, it does appear that a prisoner must show an intervening change in the law that establishes his actual innocence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles*, 180 F.3d at 757. Gaskins has failed to do so.

"To establish actual innocence, [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003)(quoting in *Bousley v. United States*, 523 U.S. 614, 623 (1998)). "Actual innocence" in this regard means factual innocence, rather than mere legal insufficiency. *Id*. It provides prisoners, who would not otherwise be entitled to relief, to attack a conviction that is no longer considered a crime under the statute. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (holding in a § 2255 case that the failure to raise a *Bailey* claim on direct review can be overcome by a showing of "actual innocence")[1]. Gaskins's claims fail to meet that

---

[1] After *Bailey v. United States*, 516 U.S. 137(1995) was decided, some prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when the Supreme Court subsequently defined "use" in a restrictive manner. These prisoners, who could not establish their innocence before *Bailey*, were barred from § 2255 relief after *Bailey* because successive § 2255 petitions are limited to newly discovered evidence or a new and retroactive rule of constitutional law. *See* 28 U.S.C. § 2255; *In re Davenport*, 147 F.3d 605 (7th Cir.1998); *Triestman v. United States*, 124 F.3d 361 (2d Cir.1997); *In re Dorsainvil*, 119

(continued...)

standard. Simply stating that his actions did not warrant a conviction for the offense to which he pleaded guilty does not entitle Gaskins to seek relief under § 2255's safety valve provision.

*Conclusion*

Based on the foregoing, Gaskins' Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and the Petition for writ of habeas corpus is **dismissed** pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

    */s/Dan Aaron Polster 9/6/12*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
F.3d 245 (3d Cir.1997).

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.